IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KENNETH SUTTON | § | |
| AND ESTHER SUTTON, | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CASE NO. 5:16-cv-1280 |
| | § | |
| | § | |
| PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
| OF HARTFORD, | § | |
| Defendant. | § | JURY TRIAL |

## NOTICE OF REMOVAL

Defendant Property and Casualty Insurance Company of Hartford ("Hartford"), through undersigned counsel and pursuant to 28 U.S.C §§ 1441 and 1446, files this Notice of Removal of the action captioned as follows: *Kenneth Sutton and Esther Sutton v. Property and Casualty Insurance Company of Hartford,* on the docket of the 45th Judicial District Court of Bexar County, Texas.  In support of this Notice of Removal, Hartford respectfully shows the following:

1.      Plaintiffs Kenneth and Esther Sutton ("Plaintiffs") commenced the state court action against Hartford on or about September 29, 2016, by filing Plaintiffs' Original Petition and Jury Demand (the "Petition") in the 45th Judicial District Court of Bexar County, Texas.  Hartford was served with the summons and a copy of the complaint on October 4, 2016.  Hartford filed its Original Answer on November 18, 2016.

2.      A copy of all process, pleadings, and orders in the state-court action is filed with this Notice of Removal.

3.      The Petition avers that Plaintiffs were sold the policy in Bexar County, Texas. (Pet. page 2.)

4.     The Petition contains no allegations regarding Hartford's citizenship.   In fact, Hartford is incorporated under the laws of Indiana and has its principal place of business in Connecticut.

5.     The Petition alleges that Plaintiffs own property located in Bexar County, Texas (the "Property") that was insured by an insurance policy issued by Hartford. (Pet. Page 2.)

6.     The Petition alleges that "[i]n 2013, Plaintiffs began seeing various cracks and separations in the home walls, over doors, in the tile, and around windows.  The back porch was dropping as well."  (Pet. Page 2)

7.     The Petition alleges that Hartford's "decision to deny the claim is a breach of the policy." (Pet. Page 5.)  Plaintiffs allege that "Quarter Moon Plumbing performed plumbing tests and determined that a leak on the A/C condensation line existed, and recommended re-routing. Gunn Engineering recommended the A/C condensate drain be re-routed above the foundation. Defendant hired both inspection companies.  Defendant denied the Plaintiff's claim, explaining that the recommended fix would cost less than the deductible.  Further, Defendant ignored the policy provision "Section I" under "Additional Coverage/Foundation coverage" which states that "if the plumbing leak has caused foundation movement there will be coverage for the ensuing damage up to the endorsement limit of $41,700."  (Pet. Page 3.)

8.     The Petition does not clearly establish the amount in controversy as required by Texas Rule of Civil Procedure 47.  Accordingly, on November 22, 2016 the undersigned faxed to Plaintiffs' counsel with a Stipulation of Damages, which Plaintiff did not return by the November 29, 2016 deadline specified in the letter (see Exhibit A).  This Notice of Removal is filed within 30 days of the deadline provided for the return of the Stipulation of Damages, which is the day

that it became evident to Hartford that the amount in controversy exceeds $75,000.  Therefore, this removal is timely under 28 U.S.C. Section 1446(b).

9.      Hartford denies the underlying facts as alleged by Plaintiff or as summarized in this Notice.  Hartford expressly denies that it has any liability to Plaintiff.

## DIVERSITY JURISDICTION

10.     This Court has original jurisdiction pursuant to 28 U.S.C § 1332 (a), and this matter is removable to this Court pursuant to 28 U.S.C. § 1441 (a), because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Plaintiff is a citizen of Texas.  Hartford is a Connecticut corporation with its principal place of business in Connecticut.

11.     In the Petition, Plaintiffs do not clearly allege the total amount of damages they seek in the lawsuit, other than to say that the amount of plaintiff's [sic] damages "exceeds the minimum jurisdictional limits of the court and is believed to be in an amount in excess of $25,000." (Pet. Page 6.)

12.     When a plaintiff's pleading does not allege a specific amount of damages, the removing party defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1]

13.     Plaintiffs in Texas are not limited to recovery of damages requested in their pleadings. "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints . . . ." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). "The general principle is that plaintiffs will

---

[1] *See DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994).

have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412, n. 10.  No binding stipulation or affidavit was filed with the Petition.

14.     Here, the fact that the amount in controversy exceeds $75,000 is established by Plaintiffs' failure to sign and return the Stipulation of Damages that was provided for them to finally establish an amount below the jurisdictional limit.

15.     On November 22, 2016, Hartford's undersigned counsel provided Plaintiffs' counsel with a stipulation that conforms to the requirements of *De Aguilar*, and requested that the Plaintiffs execute and return the Stipulation by November 29, 2016, in order to avoid removal. (Exhibit A)

16.     Plaintiffs did not return the Stipulation to undersigned counsel by November 29, 2016, and have not as of the date this Notice of Removal is filed.

17.     Where the Plaintiffs' Petition does not affirmatively establish the bases for diversity jurisdiction at the time of filing, the case may become removable where a diverse defendant files the notice of removal within thirty days after the defendant's receipt, "through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case has become removable." 28 U.S.C. §1446(b)(3); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996); *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006); *cf. Durham v. Lockheed Martin Corp.*, 455 F.3d 1247, 1251-52 (suit was removable, but not removed, based on diversity when filed; suit later became removable, and was considered timely removed, based on federal officer grounds which did not become apparent until after Defendant received interrogatory answers).

18.     The present case has become removable where it was previously not apparent on

the face of the Original Petition, because Hartford has now received confirmation that the amount in controversy exceeds $75,000.00, by Plaintiffs' refusal to execute the proposed Stipulation of Damages. This unequivocally establishes that Plaintiffs are seeking more than $75,000 by reason of the suit.

19.     Here, Plaintiffs also seek unspecified damages for alleged violations of the Texas DTPA; violations of Chapters 541 and 542 of the Texas Insurance Code; breach of the duty of good faith and fair dealing; knowing and intentional violations of both the DTPA and the Texas Insurance Code; exemplary damages; mental anguish damages and attorneys' fees.

20.     Plaintiffs' failure to execute the Stipulation of Damages in response to the written request to do so, shows that the amount in controversy exceeds $75,000.00, thereby making this case removable.  28 U.S.C. §1(c)(3)(A); *Chapman*, 969 F. 2d at 164.

21.     This Notice of Removal is filed within 30 days of the deadline that undersigned counsel gave Plaintiffs' counsel to return the signed Stipulation of Damages, which was February 6, 2015.

## REMOVAL PROCEDURE

22.     Hartford has provided the clerk of the 45th Judicial District Court of Bexar County, Texas with notice of this removal.

23.     Pursuant to Local Rule 81, copies of the following documents are provided to the clerk of this Court for filing in connection with this Notice of Removal:

      a.     Index of matters being filed;

      b.     The state-court file, including all executed process, pleadings and exhibits, and state-court orders;

      c.     A list of all parties and their counsel of record.

WHEREFORE, Hartford hereby provides notice that this action is duly removed.

Respectfully submitted,


/s/ Martin R. Sadler_____
Martin R. Sadler
Attorney-in-Charge
Texas Bar No. 00788842
Federal Bar No. 18230
msadler@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
    A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

ATTORNEY-IN-CHARGE
FOR HARTFORD INSURANCE COMPANY


OF COUNSEL:

Rebecca A. Moore
Texas Bar No. 24031701
Federal ID No. 31001
rmoore@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded by electronic service on this, the 20th day of December, 2016 to:

Kenneth E. Grubbs
Law Offices of Kenneth E. Grubbs
4241 Woodcock, Suite C-120
San Antonio, Texas 78228


*/s/ Martin R. Sadler*
Martin R. Sadler